IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERMICHAEL CARROLL,

                                                                         ORDER

          Plaintiff,

                                                                   17-cv-137-bbc

     v.

SERGEANT CHAPMAN, SERGEANT ROYCE,
LINDSY WALKER, J. GOHDE, KATHY WHALEN,
ISAAC HART, NURSE JOHN DOE #1,
MELISSA THORNE, TRISHA ANDERSON
and SGT. JUDD,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Jermichael Carroll has filed a letter with the court in which he asks for assistance to identify a Jane Doe defendant. Dkt. #19. I am construing the letter as a motion for an extension of time to amend his complaint to identify Doe and I am granting the motion.

      Plaintiff is proceeding on claims that prison officials violated his rights under the Eighth Amendment by failing to give him adequate bedding or treatment for his pain related to an injury from an old bullet wound. His claims relate to his conditions at the Columbia Correctional Institution, but plaintiff is now incarcerated at the Milwaukee County jail.

      One of the defendants who allegedly failed to treat plaintiff is an unidentified nurse at the prison. When the plaintiff does not know the name of one or more defendants,

1

Magistrate Judge Stephen Crocker ordinarily talks to the parties at the preliminary pretrial conference to determine the best way to identify the unknown defendant. However, in this case, plaintiff denied that he needed any assistance, informing the magistrate judge at the conference that he could obtain the information on his own. Dkt. #17. Now plaintiff has changed his mind, saying that he cannot obtain the Doe's name, so he "need[s] the court[] to find out her real name." Dkt. #19. In addition, he asks how to "get all of [his] 'I.C.E.' write ups" and "copies of all the 'health slips' [he] wrote to H.S.U." Id.

Counsel for defendants has taken a proactive and efficient approach, responding to the letter and telling plaintiff to send discovery requests regarding the Jane Doe defendant to counsel. Dkt. #20. Also, counsel states that he has submitted a request for plaintiff's relevant medical records and he will send plaintiff a copy when counsel receives them. Finally, counsel states that he has sent plaintiff a copy of his "Inmate Complaint History Report" and his health service requests.

As plaintiff may have realized after receiving counsel's response, it is counsel, not the court to whom plaintiff should send his discovery requests. The court does not have possession of any records related to this case other than those the parties have filed with the court. If plaintiff has questions about how to obtain information he needs, he should review carefully the Preliminary Pretrial Conference Order, dkt. #18, that he received a few weeks ago. That order describes the discovery process and directs the parties to review Rules 26 through 37 and 45 of the Federal Rules of Civil Procedure, which describe the different types of discovery and explain what a party must do to obtain information from another party.

It appears that counsel treated plaintiff's letter as a discovery request and provided plaintiff much of the information he was seeking. If plaintiff still needs Jane Doe's identity, he should send counsel a discovery request on this matter, as counsel suggested. Plaintiff may wish to send an interrogatory to counsel in accordance with Rule 33, informing counsel everything plaintiff knows about Doe, such as her job title, physical characteristics, how she is involved in the case and the day and time of plaintiff's interactions with her, so that counsel can help plaintiff identify Doe's name. If plaintiff believes that there are documents identifying Doe, he may request those under Rule 34, describing the documents with as much specificity as he can.

If plaintiff has not sent counsel a discovery request already, he should do it now. Plaintiff's deadline for amending his complaint was August 18, 2017, but I will extend the deadline to October 15, 2017. If plaintiff fails to identify Doe by then, I will dismiss any claims against that defendant.

ORDER

IT IS ORDERED that

1. Plaintiff Jermichael Carroll's untitled letter, which I am construing as a motion for an extension of time to amend his complaint to identify the Jane Doe defendant, dkt. #19, is GRANTED.

2. Plaintiff may have until October 15, 2017, to identify Doe. If plaintiff fails to

comply with this deadline, I will dismiss the complaint as to any claims against that defendant.

Entered this 5th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge