IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERMICHAEL CARROLL,

                                                    OPINION AND ORDER

                Plaintiff,

                                                    17-cv-137-bbc

     v.

SERGEANT CHAPMAN, SERGEANT ROYCE,
LINDSY WALKER, J. GOHDE, KATHY WHALEN,
MELISSA THORNE, TRISHA ANDERSON and SGT. JUDD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Jermichael Carroll is proceeding on Eighth Amendment claims against defendants employed at the Columbia Correctional Institution, based on allegations that he was forced to sleep on a "deplorable" mattress on a concrete floor. Now before the court is defendants' motion for summary judgment for plaintiff's alleged failure to exhaust his administrative remedies before filing suit. Dkt. #22. For the reasons set out below, I am denying the motion.

## OPINION

      Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly

1

take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. Jones v. Bock, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority

2

may dismiss, affirm or return the complaint for further investigation. Id. § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. Id. § 310.13. If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. Id. § 310.11(6). The reviewing authority's decision on the rejection is final. Id.

In this case, it is undisputed that plaintiff filed an inmate complaint on September 26, 2016, alleging that he was being required to sleep on the floor in the restrictive housing unit. On November 28, 2016, an inmate complaint examiner rejected plaintiff's inmate complaint as "moot" under Wis. Stat. § DOC 310.11(5)(f), because by that date, plaintiff had been moved out of the restricted housing unit and was no longer sleeping on the floor. The examiner concluded that "[t]he issue listed in this complaint has been resolved." Dkt. #23-1. Plaintiff did not appeal the rejection. He filed this lawsuit on February 21, 2017.

Defendants' only argument in their motion for summary judgment is that plaintiff failed to exhaust his administrative remedies because he did not appeal the rejection of his inmate complaint as allowed under Wis. Stat. DOC § 310.11(6). In response, plaintiff states that he did not appeal the rejection because he understood the examiner's rejection to mean that he could not obtain relief through the inmate complaint system. Indeed, plaintiff agrees that his specific complaint had been resolved as he had been moved off of the floor as he had requested. Defendants argue that plaintiff's agreement with the resolution of his complaint is not enough, however, because prisoners must complete the entire grievance process even if they believe it would be futile.

3

Defendants' argument is not persuasive. "If a grievance is rejected as moot because the issue has been resolved and there is no relief that can be provided through the grievance system, then there is no 'available' administrative remedy to exhaust." Elkins v. Schrubbe, No. 04 C 85, 2006 WL 1663779, at *55 (E.D. Wis. June 15, 2006) (citing Thornton v. Snyder, 428 F.3d 690, 695-97 (7th Cir. 2005)). For example, in Thornton, the prisoner had filed an emergency grievance with the warden, complaining about his mattress. Id. at 692. After the warden responded with a letter stating that the prisoner's grievance was not an emergency, the prisoner did not appeal or file a new grievance, as permitted by the prison regulations. A few weeks later, the prisoner was moved to a new cell. Id. at 693. The defendants argued that the prisoner did not exhaust his administrative remedies because he failed to file an appeal from the warden's letter. Id. at 695. The court of appeals rejected this argument because, before the prisoner's time for appeal expired, he had received the relief he had requested. The court of appeals explained that the requirement to exhaust "all available remedies" does not require an inmate to "appeal grievances that were resolved as he requested and where money damages were not available." Id.

The facts of Thornton are strikingly similar to those in this case. Here, plaintiff's complaint was rejected as moot because he had been moved to a new cell by the time his complaint was reviewed. The regulations define "moot" as meaning that "the issue or complaint is one which seeks to determine an abstract question which does not arise upon existing facts or rights, or where there would be no practical effect to any remedy because the issue or complaint is already resolved." Wis. Admin. Code § 310.03(13). Thus, the

4

complaint examiner concluded that plaintiff had received the available relief he had requested in his inmate complaint and could obtain no further relief through the grievance process.

Although defendants suggest that on appeal, the warden may have disagreed with the mootness finding and ordered additional relief, Dft.'s Br., dkt. #24, at 4, this argument does not make much sense. Defendants do not concede that plaintiff's complaint was not moot, do not speculate about what additional relief plaintiff might have received or suggest that plaintiff could have obtained money damages. Thus, defendants are essentially arguing that prisoners must file appeals of inmate complaints that are (a) properly rejected as falling outside the grievance system, or (b) resolved in their favor because there is a possibility the prison will grant relief above and beyond what the inmate requested. No reasonable prison official would want a prisoner to file appeals in such circumstances, after an issue has been resolved. At that point, the grievance has served the primary purposes of § 1997e(a), to give prison officials notice of the prisoner's problem and give them an opportunity to resolve it before a lawsuit is filed. Perez, 182 F.3d at 537–38. See also Shaw v. Jahnke, 607 F. Supp. 2d 1005, 1010 (W.D. Wis. 2009) ("[P]laintiff would have no reason to appeal the decision in which the examiner concluded that plaintiff's issue had been 'addressed' previously.").

Finally, defendants also argue that plaintiff's situation is no different from those cases in which courts have rejected a prisoner's futility defense to exhaustion. E.g., Booth v. Churner, 532 U.S. 731 (2001); Perez, 182 F.3d 532. However, the court of appeals distinguished those cases in Thornton, explaining that unlike the situation in which a

prisoner receives his requested relief, Booth and Perez were cases in which there was "still the possibility of some relief that prison officials could have offered." Thornton, 428 F.3d at 696. As discussed above, defendants do not articulate any additional relief plaintiff could have received by continuing to pursue his grievance through the appeals process. For these reasons, defendants' motion for summary judgment will be denied.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Sergeant Chapman, Sergeant Royce, Lindsy Walker, J. Gohde, Kathy Whalen, Melissa Thorne, Trisha Anderson and Sergeant Judd, dkt. #22, is DENIED.

Entered this 28th day of December, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge